MIDLAND VALLEY RAILROAD COMPANY *v.* SCOVILLE.

Opinion delivered July 7, 1913.

1.  DAMAGES—PERSONAL INJURIES—PERMANENT INJURY—INSTRUCTION.— In an action for damages against a railroad company for personal injuries, where there is no testimony tending to show that plaintiff was permanently injured, it is error to include the question of permanent injuries, in an instruction on the matter of damages. (Page 31.)

2.  APPEAL AND ERROR—PREJUDICIAL ERROR—REMITTITUR.—Where the trial court committed error in the giving of an instruction, and the record does not show whether the error was prejudicial or not, and where the instruction may have influenced the jury in fixing the amount of damages, the court will not order a remittitur, but will remand the cause for a new trial.  (Page 31.)

Appeal from Sebastian Circuit Court, Fort Smith District; *Daniel Hon,* Judge; reversed.

*Edgar A. de Meules* and *Sol H. Kauffman,* of Muskogee, Oklohoma, for appellant.

1.   The testimony entirely fails to prove the existence of permanent injuries, and it was error to instruct the jury that appellee could recover for such injuries. 187 Pa. St. 337.

Where there is no proof of permanent injury, the charge on the measure of damages should not submit that question.   107 S. W. 453; 150 Mich. 235; 85 S. W. 671; 120 Ga. 465; 98 S. W. 303; 119 La. 344; 94 S. W. (Mo.), 799; 64 N. Y. 817; 63 N. Y. S. 1067; 90 Ky. 369; 14 S. W. 357; 29 Am. St. Rep. 378; *St. Louis, I. M. & S. Ry. Co. v. Bird,* 153 S. W. 107; 82 Ark. 499; 102 S. W. 696; 90 Ark. 278; 19 S. W. 659; 155 S. W. (Ark.), 510; 53 Ark. 7; 13 S. W. 138; 78 Ark. 279; 29 Okla. 538; 120 Pac. 253.

2.   The verdict was excessive.   124 N. Y. S. 411; 119 N. Y. S. 220; 120 N. Y. S. 1088.

*Kimpel & Daily,* for appellee.

1. There was sufficient evidence to show that the injury was permanent, and to warrant the court in giving instruction complained of. 67 Ark. 531; 145 S. W. 391.

If the injury caused any change in the plaintiff's condition which would be lasting, it is a permanent injury. 2 N. J. Eq. 154-162.

2. The verdict was not excessive. 90 Ark. 108; *Id.* 64; 89 Ark. 9; 88 Ark. 12; 87 Ark. 109; 82 Ark. 11; 101 Ark. 254; 98 Ark. 425.

KIRBY, J. The railroad brings this appeal from a judgment awarding $700 damages for personal injuries to appellee, resulting from turning over his wagon at a crossing. It complains of the excessiveness of the verdict and the error of the trial court in submitting the question of the permanency of the injury to the jury without any testimony upon which to base it in instruction No. 2, as follows:

"If the plaintiff, James Scoville, recovers, the measure of his damages is a sum which will fairly compensate him for the injury received, if any, and the loss defendant has occasioned him, if any. Several ingredients go to make up such damages. He is entitled to damages for bodily pain and mental anguish, if any; also, from the permanent injury arising from the hurts to plaintiff, if any; also for the loss of time from his business."

The complaint alleges a permanent injury, but the most the testimony shows is that the appellee's side, back and hip were bruised; that he was kept indoors on account of it for three days and not permitted by his physician to return to his usual work until after ten days. He said that his side hurt worse than his hip and that his arm was dressed by the physician four or five times; that his side hurt him when he lifted anything up to the time of the trial, which occurred five months after the injury; that he spit up blood four or five days after it occurred. That he was away from his business for

ten days and was making at the time the injury occurred $1.75 per day. There was no testimony relative to the payment of doctor's bills, the railroad company's physician having treated the patient, nor any testimony tending to show that the injury was permanent, unless it be appellee's statement at the time of the trial, five months after the injury that "my side hurts me every time I lift anything."

The appellee resumed his usual work at the end of ten days, and although he stated at the time of trial that lifting still caused his side to hurt, there was no indication of the extent of the pain nor any testimony relating to its probable continuance.

In *St. Louis, I. M. & S. Ry. Co.* v. *Bird,* 106 Ark. 177, 153 S. W. 107, the court said:

"Unless there is testimony, tending to show with reasonable certainty that the injury is permanent, the court should not permit the jury to assess any damages for permanent injury. * * * But to fulfill the requirements of the law, there must be affirmative testimony to the effect that the injury was permanent before the jury would be authorized to find that such was the fact and the court should not allow the permanency of the injury to be considered as an element of damage where the witnesses themselves are uncertain as to whether there would be any permanent injury and where the nature of the injury *per se* does not show that the injury was permanent."

There was no testimony tending to show that appelcluding the question in the instruction which was specifically objected to.

The record of the case furnishes no reasonable indication of the prejudicial effect of the error with the jury in the amount of the damages assessed. It may be that it did not operate to increase the damage awarded, aplee was permanently injured and the court erred in inpreciably, and, upon the other hand, it might have largely influenced them in fixing the amount, and, such being true, we do not think the case one where the court should

fix the amount of a remittitur to be entered that would remove the prejudicial effect of the erroneous instruction. It is a question that only the jury can properly determine.

For the said error the judgment is reversed and the cause remanded for a new trial.